Leon and Sue SCOTHORN, Plaintiffs,

v.

The STATE OF KANSAS,
et al., Defendants.

Civ. A. No. 89–1230–T.

United States District Court,
D. Kansas.

Aug. 15, 1991.

**558**

Jim Lawing, Wichita, Kan., for Leon and Sue Scothorn.

Michael George, Dept. of Social & Rehab. Svcs., Topeka, Kan., for State of Kan.

Steven C. Day, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, Kan., for Chong Quoc Thai, M.D.

Lisa A. Beran, Hannelore Kitts Law Office, Harry M. Bleeker, Turner & Boisseau, Great Bend, Kan., for Dara Johnson.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the following motions: (1) defendant Dara Johnson, M.D.'s motion to dismiss; (2) defendant Lewis Young, Ph.D.'s motion for summary judgment; (3) defendants Winston Barton, Al Nemec, G.W. Getz, Larned State Hospital and the State of Kansas' motion for summary judgment; and (4) plaintiff's motion to set aside and redraw journal entry.

Plaintiffs bring this action as heirs at law and special co-administrators of the estate of Eddie Scothorn, deceased. Plaintiffs' first claim for relief is based upon negligence and medical malpractice. Plaintiffs allege that on or about April 23, 1987, decedent Eddie Scothorn was admitted to Larned State Hospital ("the Hospital"), under an order of protective custody issued by the District Court of Seward County, Kansas. The decedent remained under the supervision and control of the Hospital and its employees until May 28, 1987 when he was discharged. Plaintiffs allege that defendants were grossly and wantonly negligent and departed from standard approved medical practice by failing to properly evaluate, diagnose, treat, care for and protect the decedent for his mental condition. Specifically, plaintiffs allege that the defendants failed to properly diagnose, evaluate, and treat the decedent's suicidal mental condition and prematurely discharged the decedent from the Hospital. Plaintiffs allege that as a result of this gross and wanton negligence, the decedent died by suicide on June 5, 1987.

Plaintiffs' second claim for relief is based on 42 U.S.C. § 1983. Plaintiffs allege that the defendants, acting under color of state law, violated the plaintiffs' and decedent's due process rights by failing to conform to certain unspecified statutes, regulations, policies and procedures to be followed in the care and treatment of psychiatric patients. Plaintiffs allege that as a result, the decedent was prematurely discharged, which directly and proximately caused his death. Plaintiffs allege that the actions of defendants constitute substantial indifference to the well being of the decedent.

## I. BARTON, NEMEC, GETZ, STATE OF KANSAS AND LARNED STATE HOSPITAL'S MOTION FOR SUMMARY JUDGMENT

Defendants Barton, Nemec, Getz, Larned State Hospital, and the State of Kansas seek summary judgment on all of plaintiffs' claims. Doc. 70. Plaintiffs filed a motion for extension of time, Doc. 72, seeking thirty days to respond to the motion. No order was entered granting such extension. No further extensions of time were requested. No response to the motion has ever been filed, although plaintiffs have had ample time in which to do so. Therefore, pursuant to D.Kan.Rule 206(c) and (g), the facts as alleged by these defendants are deemed uncontroverted and the motion for summary judgment shall be granted as uncontested.

The uncontroverted facts are as follows.

1. Defendant Winston Barton is the former Secretary of Social and Rehabilitation Services for the State of Kansas. Defendant Al Nemec is Commissioner of Mental Health and Retardation Services of the Department of Social and Rehabilitation Services. Defendant George W. Getz is Superintendent of Larned State Hospital.

2. On or about April 23, 1987, decedent Eddie Scothorn was admitted to Larned State Hospital under an order of protective custody issued by the District Court of Seward County, Kansas. The decedent remained a patient at Larned State Hospital until his discharge on May 28, 1987.

3. Eddie Scothorn died by suicide on June 5, 1987.

4. The plaintiffs have never met defendants Barton, Nemec, or Getz.

5. Defendants Barton and Nemec were not involved in the evaluation, diagnosis or treatment of the decedent. Defendant Getz was not involved in the evaluation, diagnosis and treatment of the decedent.

6. Defendants Barton and Nemec were not involved with the discharge of the decedent from Larned State Hospital, nor were they involved in decedent's aftercare program. Defendant Getz was not involved in the discharge or aftercare program of the decedent.

7. Defendants Barton and Nemec were not consulted by any of the decedent's treating physicians regarding his diagnosis and treatment. Defendant Getz was not consulted by the decedent's treating physicians regarding his diagnosis and treatment.

8. Defendants Barton and Nemec were not consulted by the plaintiffs regarding their son's medical treatment or their son's death. Defendant Getz was not consulted by the plaintiffs regarding their son's medical treatment or their son's death.

9. Defendants Barton and Nemec had no knowledge of decedent's medical history or previous suicide attempts. Defendant Getz had no knowledge of decedent's medical history or previous suicide attempts.

10. Defendants Barton and Nemec were not involved in any judicial hearings or meetings regarding treatment of the decedent. Defendant Getz was not involved in any judicial hearings or meeting regarding the treatment of the decedent.

The court has previously dismissed the plaintiffs' section 1983 claims against defendants Barton, Nemec and Getz in their official capacities. The section 1983 claims against the defendants State of Kansas and Larned State Hospital were dismissed based on eleventh amendment immunity. Doc. 40.

■ Larned State Hospital is a State agency. The Hospital and the State enjoy eleventh amendment immunity from plain-tiffs' pendent state claims. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 120–21, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). Accordingly, summary judgment will be entered in favor of defendants State of Kansas and Larned State Hospital on plaintiffs' state law claim.

■ Likewise, plaintiff's motion to set aside and redraw journal entry shall be denied. By stipulated order, the court dismissed plaintiff's section 1983 official capacity claim against Barton, Nemec and Getz and the section 1983 claim against the State and the Hospital on the basis of eleventh amendment immunity. Plaintiff's motion to set aside (Doc. 46) seeks the reinclusion of the Larned State Hospital and the State of Kansas into their negligence claims. The eleventh amendment bars this action for damages.

Defendants Barton, Nemec and Getz seek summary judgment on the plaintiffs' section 1983 claims against them in their individual capacity. Specifically, the defendants argue that respondeat superior does not apply, that plaintiffs have failed to establish that the defendants were involved in the medical treatment of the decedent or that the defendants were aware of any unconstitutional policies or customs that would subject them to liability in their supervisory capacities. Defendants argue that there is no causal connection between them and the death of the decedent. Defendants also argue that they are entitled to qualified immunity. The defendants also seek summary judgment on plaintiffs' medical malpractice claim, arguing that they have committed no negligence since they were not involved in the decedent's care and treatment.

■ It is entirely unclear from reading plaintiffs' complaint whether plaintiffs are attempting to allege individual capacity claims against these defendants. Plaintiffs' complaint fails to designate expressly the nature of the suit. Instead, plaintiffs have named these three defendants along with their job titles. In such a situation, the court may presume that the officials have been sued in their official capacities

only. *Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *Kolar v. County of Sangamon,* 756 F.2d 564, 568 (7th Cir.1985). This presumption is not conclusive, since the complaint may be amended at any time to conform to the evidence. *Duckworth,* 780 F.2d at 649. The court shall assume for the purposes of this motion that plaintiffs are making individual capacity claims against these defendants.

As noted above, the motion for summary judgment is uncontested and shall be granted on that basis. In the alternative, the court would grant summary judgment on the merits. The court has examined the arguments made by defendants Barton, Nemec, Getz, Larned State Hospital, and the State of Kansas, and finds them to be meritorious.

## II. DR. JOHNSON'S MOTION TO DISMISS AND DR. YOUNG'S MOTION FOR SUMMARY JUDGMENT

■■■ Dr. Dara Johnson seeks dismissal of Count II of plaintiffs' complaint, the section 1983 claim. Likewise, Dr. Lewis Young seeks summary judgment on Count II. Dr. Johnson and Dr. Young treated the decedent while he was committed to the Larned State Hospital. Plaintiffs have filed oppositions to these motions.

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 does not create any substantive rights, but provides a recovery for the deprivation of federal rights. Therefore, to establish a cause of action under section 1983, a plaintiff must allege (1) the deprivation of a federal right

by (2) a person acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Watson v. City of Kansas City, Kansas,* 857 F.2d 690, 694 (10th Cir.1988). The Tenth Circuit has stated that

section 1983 imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law. Remedies for the latter type of injury must be sought in the state court under the traditional tort-law principles.

*Archuleta v. McShan,* 897 F.2d 495, 496–97 (10th Cir.1990) (quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)).

### A. Official Capacity Claims

■■■ A suit against a State official in his official capacity is the same as a suit against the State. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Therefore, the claims brought against defendants Johnson and Young in their official capacities are also barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Additionally, State officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. *Will,* 109 S.Ct. at 2312; *see also id.* at 2311 n. 10 (State official sued in official capacity for injunctive relief is a person under § 1983). The motions to dismiss and for summary judgment will therefore be granted to the defendants Johnson and Young in their official capacities.

### B. Individual Capacity Claims

■■■ It is not clear from a reading of the plaintiffs' complaint whether the individual defendants have been sued only in their official capacities or in both their official and individual capacities. The court will, however, consider the section 1983 claim against these defendants to be a claim against them in their individual capacities for their actions taken under color of state law. *See Kentucky v. Graham,*

473 U.S. 159, 165–67, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985). Plaintiffs' complaint fails to designate expressly the nature of the suit. Any presumption of official capacity is not conclusive, since the complaint may be amended at any time to conform to the evidence. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir.1985), *cert. denied*, 479 U.S. 819 (1986). The court shall assume for the purposes of this motion that plaintiffs are making individual capacity claims against these defendants.

Plaintiffs' complaint alleges that defendants violated plaintiffs' and decedent's due process rights by failing to conform to the statutes, regulations, policies and procedures set forth by the State of Kansas and the Larned State Hospital to be followed in the care and treatment of psychiatric patients. Plaintiffs allege that such failure resulted in the premature discharge of Eddie Scothorn, which directly and proximately caused his death on July 5, 1987. Plaintiffs claimed to be damaged by their grief and bereavement, the wrongful death of the decedent, medical expenses, past and future mental suffering, and attorneys' fees. Plaintiffs prayed for judgment in the amount of $250,000 for the wrongful death of their son, for an award to compensate the estate for pain and suffering, for an award of attorneys' fees, and for such other and further relief that the court deems just. Doc. 1. Other than this reference to due process rights, there is no other indication in the complaint of the alleged federal right being relied upon by the plaintiffs as the basis for relief.

In response to the motion to dismiss, plaintiffs make some reference the following alleged rights: the plaintiffs' right to have their son cared for; the decedent's right to be retained in treatment; the plaintiffs' right to be notified before their adult child (the decedent) was released; and the plaintiffs' interest in their son's recovery such that they should have been notified by the defendants of his progress or lack of improvement. The court will separately discuss the claim by the estate for the deprivation of the decedent's right to be retained in treatment and the claim by the plaintiffs on their own behalf.

### 1. Decedent's right to be retained in treatment

The only alleged right belonging to the decedent is the right to be retained in treatment. Generally, the State is under no duty to provide substantive services for those within its border. *See Youngberg v. Romeo*, 457 U.S. 307, 317, 102 S.Ct. 2452, 2459, 73 L.Ed.2d 28 (1982). In certain circumstances, however, the constitution imposes upon the State affirmative duties of care and protection regarding particular individuals. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 109 S.Ct. 998, 1004–05, 103 L.Ed.2d 249 (1989); *Bryson v. City of Edmond*, 905 F.2d 1386, 1392 (10th Cir.1990). The substantive component of the due process clause requires the State to provide involuntarily committed mental patients with such services as are necessary to ensure their reasonable safety from themselves. *DeShaney*, 109 S.Ct. at 1005 (discussing *Youngberg v. Romeo*, 457 U.S. 307, 314–25, 102 S.Ct. 2452, 2457–63, 73 L.Ed.2d 28 (1982)). The decedent's claimed right to continued care and treatment is a substantive due process claim. Plaintiffs do not claim that the State removed the decedent from treatment without according him the appropriate procedural safeguards. *See DeShaney*, 109 S.Ct. at 1003.

When a person is institutionalized, a duty to provide certain services and care does exist, even though the State has considerable discretion in determining the nature and scope of its responsibilities. *Youngberg v. Romeo*, 457 U.S. at 317, 102 S.Ct. at 2459. The constitution only requires that the court determine whether professional judgment in fact was exercised. The court may not specify which of several professionally acceptable choices should have been made. *Id.* at 321, 102 S.Ct. at 2461. The decision, if made by a professional, is presumptively valid. Liability may be imposed "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actual-

ly did not base the decision on such a judgment." *Id.* at 323, 102 S.Ct. at 2462.

The plaintiffs have neither alleged nor shown a genuine issue of material fact on the issue whether professional judgment was indeed rendered in the present case. The court shall grant the motion for summary judgment and the motion to dismiss on this basis.

### 2. *Rights asserted by plaintiffs*

A section 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else. *Archuleta v. McShan,* 897 F.2d at 497; *see Dohaish v. Tooley,* 670 F.2d 934, 936 (10th Cir.) ("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). A plaintiff who asserts a due process claim under section 1983 must prove that he or she is the deliberate object of the state action which caused injury. *Archuleta v. McShan,* 897 F.2d at 499. The rights of the decedent cannot be raised by his parents in a section 1983 action.

The plaintiffs have provided the court with no support for the due process rights they have alleged on their own behalf. The rights alleged by the parents seem to be merely derivative of the right of their son to treatment and care at the Hospital. Assuming, however, that the rights as alleged by the plaintiffs are cognizable under the due process clause, summary judgment is appropriate.

An action under section 1983 for injuries resulting in death is in the nature of a survival action brought by the estate of the deceased victim. *Berry v. City of Muskogee,* 900 F.2d 1489, 1506–07 (10th Cir.1990). The appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, loss of earnings, loss of consortium, and other damages recognized in common law tort actions. *Id.* at 1507. Plaintiffs sought damages for their grief and bereavement, the wrongful death of the decedent, medical expenses, past and future mental suffering, and attorneys' fees. Plaintiffs prayed for judgment in the amount of $250,000 for the wrongful death of their son. Plaintiffs have pleaded their section 1983 claim as a wrongful death claim. They are only seeking recovery for wrongful death damages for their grief, bereavement and mental suffering. These are not items of damages properly compensable under section 1983. Since the plaintiffs do not seek any damages which are recoverable under section 1983, the defendants are entitled to summary judgment. *See Coleman v. Craig,* No. 88–1401–C (D.Kan. Mar. 11, 1991) [1991 WL 42291, 1991 U.S.Dist. LEXIS 3803].

For the reasons stated above, summary judgment is appropriate on Count II of plaintiffs' complaint as to the moving defendants. The court sees no reason why summary judgment on Count II should not also be granted as to the remaining defendant, Chong Quoc Thai, M.D. Accordingly, the court shall order the plaintiffs to show cause, in writing, within ten (10) days of the date of this order, why summary judgment should not be granted to Chong Quoc Thai, M.D. on Count II of their complaint.

IT IS BY THE COURT THEREFORE ORDERED that the motion for summary judgment filed by defendants Winston Barton, Al Nemec, G.W. Getz, Larned State Hospital, and the State of Kansas (Doc. 70) is hereby granted.

IT IS FURTHER ORDERED that plaintiffs' motion to set aside and redraw journal entry (Doc. 46) is hereby denied.

IT IS FURTHER ORDERED that defendant Dara Johnson's motion to dismiss Count II of plaintiffs' complaint (Doc. 14) is hereby granted.

IT IS FURTHER ORDERED that defendant Lewis Young's motion for summary judgment on Count II of plaintiffs' complaint (Doc. 41) is hereby granted.

IT IS FURTHER ORDERED that plaintiffs show cause within ten (10) days of the date of this order why summary judgment should not be granted on Count II as to the remaining defendant.